UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AIR NOW, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 4:11CV671TIA |
| ) | |
| ) | |
| CINCINNATI CASUALTY COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Air Now, Inc.'s Motion for Leave to Amend to Add Party Defendant Pursuant to Rule 20 (ECF No. 82). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). Defendant Cincinnati Casualty Company opposes the motion. Plaintiff filed no response.

Plaintiff seeks to file an Amended Complaint adding a claim for breach of fiduciary duty. The proposed Amended Complaint joins a new defendant, Brian Weinstock. Mr. Weinstock initially represented Plaintiff Air Now, Inc. and Defendant Cincinnati Casualty Company in the defense of Mr. Derges' Workers' Compensation claim.

Plaintiff's proposed joinder of Mr. Weinstock implicates Rules 15 and 20 of the Federal Rules of Civil Procedure. Under Rule 15, a district court should grant leave to amend freely "when justice so requires," and a motion to amend should only be denied for limited reasons, including plaintiff's undue delay and bad faith in bringing the motion, unfair prejudice to defendant, or futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Armine v. Brooks, 522 F.3d 823, 833 (8th Cir. 2008). The party opposing the amendment has the burden of

demonstrating that the amendment would be unfairly prejudicial.  Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001).  Whether to grant a motion for leave to amend is within the discretion of the district court.  Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008).

The Eighth Circuit has explained that a motion for leave to amend to add nondiverse parties should be viewed with particular scrutiny:

> The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment.  Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and Rule 20 permits joinder of proper parties.  In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.

Bailey v. Bayer CropScience, 563 F.3d 302, 309 (8th Cir. 2009) (quoting Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)).  The following factors are to be considered when balancing the parties' interests, "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed."  Id. (quoting LeDuc v. Bujake, 777 F.Supp. 10, 12 (E.D.Mo. 1991)).

Under Rule 20(a)(2), a person may be joined as an additional defendant if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

The joinder of parties to a lawsuit if governed by Rule 20 of the Federal Rules of Civil

Procedure. Rule 20 provides that plaintiffs may join in a single action if "they assert any right to relief ... with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Fed.R.Civ.P. 20(a)(1)(A & B).

"In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued." Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

Applying these factors to the case, the Court concludes that Plaintiff's motion to join Mr. Weinstock as a defendant should be denied. Defendant argues the motion should be denied because of undue delay and improper joinder of a non-diverse Defendant. Defendant also contends that Plaintiff is requesting to add the additional defendant for the purpose of defeating federal jurisdiction. The Court agrees and further finds that Plaintiff has been dilatory in requesting leave to add Mr. Weinstock as a defendant. Plaintiff has waited over eighteen months after filing this cause of action before seeking to join Mr. Weinstock as a defendant. Also, Plaintiff filed the motion seeking to add Mr. Weinstock after the deadline for joining additional parties had passed pursuant to the April 9, 2012 Amended Case Management Order. The Court further notes that Plaintiff would not be significantly injured if the amendment is not allowed. Plaintiff can pursue any claims against Mr. Weinstock in state court in a separate action. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Air Now, Inc.'s Motion for Leave to Amend to Add Party Defendant Pursuant to Rule 20 (ECF No. 82) is **DENIED**.

/s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this  11th  day of January, 2013.